**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-1451**

─────────────

KATIA MARIA JIMENEZ-PALMA; K.N.R.J.,

        Petitioner,

   v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

─────────────

Submitted:  February 21, 2024             Decided:  February 29, 2024

─────────────

Before GREGORY, AGEE, and HEYTENS, Circuit Judges.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Shelley R. Goad, Assistant Director, Lisa Morinelli, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Katia Maria Jimenez-Palma and her minor daughter, natives and citizens of El Salvador, petition for review of the order of the Board of Immigration Appeals dismissing their appeal from the Immigration Judge's decision denying Jimenez-Palma's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  We deny the petition for review.

A noncitizen seeking relief from removal because of past persecution or a well-founded fear of persecution on account of membership in a particular social group, as in this case, must show that the proposed group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."  *Nolasco v. Garland*, 7 F.4th 180, 187 (4th Cir. 2021) (internal quotation marks omitted) (deferring to agency's interpretation of particular social group).  We review a proposed social group's particularity de novo.  *Amaya v. Rosen*, 986 F.3d 424, 434 (4th Cir. 2021).  And we review the agency's finding that the particular social group lacks social distinction for substantial evidence.  *Nolasco*, 7 F.4th at 189.  We conclude that there was no error in the agency's finding that Jimenez-Palma's proposed particular social group of female Salvadorans sought by a male gang member to be his woman is not cognizable.[2]

---

[1]  Jimenez-Palma's daughter is a derivative asylum applicant.  *See* 8 U.S.C. § 1158(b)(3).  She has no claim for relief independent of her mother's asylum application.

[2] In the Petitioners' brief, Jimenez-Palma adds two particular social groups.  These groups are not properly before this court.  *See Varela-Chavarria v. Garland*, 86 F.4th 443,

2

We further conclude that substantial evidence supports the finding of no nexus between Jimenez-Palma's past persecution or fear of future persecution on account of her membership in her family-based particular social group. *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 209 (4th Cir. 2019) (stating standard of review). We also conclude that substantial evidence supports the denial of protection under the CAT. *Ponce-Flores v. Garland*, 80 F.4th 480, 484 (4th Cir. 2023) (stating standard of review). And, in light of the Board's final order of removal, there is no basis to invalidate the IJ's decision based on a citation to an Attorney General's decision that has since been vacated.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

452 (1st Cir. 2023) (noting that Board will not address social groups raised for the first time on appeal); *see also Del Carmen Amaya-De Sicaran v. Barr*, 979 F.3d 210, 214 (4th Cir. 2020) (noting that asylum applicant bears the burden of raising particular social groups before the immigration judge in the first instance).